## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

EVANSTON INSURANCE COMPANY,

     Plaintiff,

vs.

MESOAMERICAN BUILDERS, INC.,

     Defendant.

_____/

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff EVANSTON INSURANCE COMPANY ("Evanston"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, brings this Complaint for Declaratory Judgment against MESOAMERICAN BUILDERS, INC. ("Mesoamerican"), and alleges as follows:

### NATURE OF THE ACTION

1.    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of resolving an actual controversy between Evanston and Mesoamerican. Evanston seeks a declaration that it has no obligation to defend or indemnify Mesoamerican against certain claims and the lawsuit arising out of the bodily injuries suffered by Fernando Sorcia Beristain ("Decedent") on or about December 16, 2018 pursuant to the terms and conditions of its Commercial General Liability Policy.

## THE PARTIES

2.    Evanston is incorporated under the laws of the State of Illinois and has its principal place of business in Illinois. It is an insurance company authorized to do business in the State of Florida and elsewhere. At all times material, Plaintiff, Evanston, is and was a citizen of Illinois.

3.    According to the Underlying Lawsuit and upon information and belief, Mesoamerican was and is incorporated under the laws of the State of Florida and has its principal place of business in Florida. Thus, at all times material, Defendant, Mesoamerican, is and was a citizen of Florida.

4.    In accordance with the foregoing and 28 U.S.C. §1332, there is complete diversity between Plaintiff and Defendant.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6.    An actual justiciable controversy between Evanston and Mesoamerican exists within the meaning of 28 U.S.C. § 2201 regarding the parties' rights and obligations under the applicable policy of insurance with respect to the allegations made in the lawsuit filed by Juan Bazo as Personal Representative of the Estate of Fernando Sorcia Beristain styled *Juan Bazo as Personal Representative of the Estate*

*of Fernando Sorcia Beristain, and on behalf of Fernando Sorcia Beristain and the Survivors of the Estate, Minor, Marjorie Sorcia Benitez and Minor, Yailin Fernanda Sorcia Benitez vs. Sunshine Building Group Properties, LLC, Sunshine Building Group, Inc., Mesoamerican Builders, Inc., Atlantis Construction of Naples Drywall Division Inc, Atlantis Construction of Naples, Inc., Fallsafe Solutions, LLC, Joel D'Aquino, Individually, and Joel D'Aquino d/b/a Joel D'Aquino* filed in the Circuit Court of Collier County, Florida, Case Number 11-2020-CA-003924-0001-XX (the "Underlying Lawsuit"). The Complaint in the Underlying Lawsuit is attached hereto as **Exhibit "A"**.

7.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in Collier County, Florida, which is within this district. The Underlying Lawsuit also is venued in Collier County, Florida.

## BACKGROUND
### The Underlying Lawsuit

9.     This action arises out of the bodily injuries suffered by Decedent, Fernando Sorcia Beristain ("Decedent") as alleged in the Underlying Lawsuit.

10.    Prior to December 16, 2018, Mesoamerican was working on the construction project located at 545 Production Blvd., Naples, FL 34104 (the "Project"). Ex. A., ¶ 20.

11.    The complaint in the Underlying Lawsuit alleges that on December 16, 2018, Decedent was engaged in work on the Project. Ex. A., ¶ 12.

12.    On December 16, 2018, Decedent suffered a fall at the Project site from the scaffold/ladder. Decedent sustained serious injuries and died as a result of his injuries. Ex. A., ¶ 25.

13.    The Underlying Lawsuit alleges that on December 16, 2018, Decedent "was doing work for Mesoamerican Builders, Inc." when he was caused to fall from the scaffolding/ladder and was injured. Ex. A., ¶ 87.

14.    The Underlying Lawsuit further alleges that Mesoamerican

> was involved in the operation, management, maintenance and control of the day to day activities, employees and operation of the project Decedent was working on at the time he fell from the scaffold/ladder at Defendant, SUNSHINE BUILDING GROUP PROPERTIES, LLC and Defendant, SUNSHINE BUILDING GROUP, INC.'S property located at 545 Production Blvd., Naples, Collier County, Florida 34104 and/or did so through its employees, and/or contractors and {sic} and/or agents who, at all materials times and with regard to the operation, maintenance, control and management of the property located at Defendant, SUNSHINE BUILDING GROUP PROPERTIES, LLC and SUNSHINE BUILDING GROUP, INC.'S property located at 545 Production Blvd., Naples, Collier County, Florida 34104.

4

Ex. A., ¶ 22.

15.    The Underlying Lawsuit asserts one count of negligence against Mesoamerican. Ex. A., ¶ 82.

## The Evanston Policy

16.    Evanston issued to Mesoamerican a Commercial General Liability Policy No. 3AA159403, effective January 29, 2018 to January 29, 2019 (the "Policy"), attached hereto as **Exhibit "B"**.

17.    The Policy's Named Insured is Mesoamerican Builders, Inc.

18.    The Policy provides limits of $1,000,000 for Each Occurrence, with $2,000,000 General Aggregate limits of liability insurance.

19.    The Policy provides Bodily Injury and Property Damage Liability coverage pursuant to the following Insuring Agreement:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND**
> **PROPERTY DAMAGE LIABILITY**
> **1.    Insuring Agreement**
>
> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

20.    The Policy includes a Workers' Compensation And Similar Laws

Exclusion, that provides:

**2. Exclusions**

This insurance does not apply to:

\* \* \*

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

\* \* \*

21.    The Policy contains the following relevant definitions:

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

6

**20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

22.    The Policy also contains an endorsement titled "Exclusion-Employer's

Liability and Bodily Injury to Contractors or Subcontractors." It provides:

**EXCLUSION-EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM

**A.**    The **Employer's Liability** exclusion under Bodily Injury and Property Damage Liability is replaced by the following:

This insurance does not apply to:

**Employer's Liability**

**(1)**    An "employee", "volunteer worker" or "temporary worker' of the insured arising out of and in the course of:

**(a)**    Employment by the insured;

**(b)**    Performing duties related to the conduct of the insured's business;

**(2)**    Any other person who performs labor in any capacity for on or behalf of any insured, with or without any form of compensation; or

7

**(3)**      The spouse, partner, child, parent, brother, sister or any other relative of any person described in Paragraph **(1)** or **(2)** above as a consequence of Paragraph **(1)** or **(2)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to any liability assumed under an "insured contract".

**B.**      The following exclusion is added to Bodily Injury and Property Damage Liability:

This insurance does not apply to:

**Bodily Injury To Contractors Or Subcontractors**

"Bodily injury" to any:

**(1)**      Contractor or subcontractor while working on behalf of any insured;

**(2)**      Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above;

**(3)**      Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or

**(4)**      Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation.

This exclusion applies:

**(a)**      Even if the claim against any insured alleges negligence or other wrongdoing in the:

**(i)**      Selection, hiring or contracting;

**(ii)**      Investigation;

      **(iii)**    Supervision or monitoring;

      **(iv)**    Training; or

      **(v)**    Retention of any contractor or subcontractor for whom any insured is or was legally responsible and whose acts or omissions would be excluded by Paragraph **(1)**, **(2)**, **(3)** or **(4)** above.

      **(b)**    Whether the insured may be liable as an employer or in any other capacity;

      **(c)**    To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

      **(d)**    To liability assumed by the insured under an "insured contract".

23.    The Policy also provides coverage for Medical Payments pursuant to the following Insuring Agreement:

COVERAGE C-MEDICAL PAYMENTS

**1.**    **Insuring Agreement**

      **a.**    We will pay medical expenses as described below for "bodily injury" caused by an accident:
      **(1)**    On premises you own or rent;
      **(2)**    On ways next to premises you own or rent; or
      **(3)**    Because of your operations;
      provided that:

      **(a)**    The accident takes place in the "coverage territory" and during the policy period;
      **(b)**    The expenses are incurred and reported to us within one year of the date of the accident; and
      **(c)**    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

* * *

24.    Coverage part C for Medical Payments includes the following exclusions:

> **2. Exclusions**
> We will not pay expenses for "bodily injury":
>
> * * *
>
> **b.    Hired Person**
> To a person hired to do work for or on behalf of any insured or a tenant of any insured.
>
> * * *
>
> **d.    Workers' Compensation And Similar Laws**
> To a person, whether or not an "employee" of an insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.
>
> * * *
>
> **g.    Coverage A Exclusions**
> Excluded under Coverage **A**.

25.    On or about January 21, 2021, Evanston issued a letter to Mesoamerican, reserving the right to investigate the allegations in the Underlying Lawsuit and disclaim coverage pursuant to the Policy's terms and conditions, including the "Exclusion-Employer's Liability and Bodily Injury to Contractors or Subcontractors." Endorsement, the Workers' Compensation and Similar Laws Exclusion, and Coverage Part C's Hired Persons and Workers' Compensation exclusions.

26.     Based on the allegations in the Underlying Lawsuit and the terms and conditions of the Policy, Evanston does not have a duty to defend or indemnify Mesoamerican in connection with the Underlying Lawsuit.

## COUNT I

**Declaratory Judgment that Evanston has No Duty to Defend the Underlying Lawsuit Based on the Exclusion-Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement**

27.     Evanston incorporates preceding paragraphs 1 through 26 as though fully restated herein.

28.     An actual controversy exists between Evanston and Mesoamerican concerning their respective rights and obligations under the Policy.

29.     The Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement provides that there is no coverage for "bodily injury" to an "employee" of the insured "arising out of and in the course of employment by the insured; or performing duties related to the conduct of the insured's business; or "bodily injury" to "[a]ny other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation."

30.     The Underlying Lawsuit alleges that Decedent was doing work for Mesoamerican when he fell and was injured. Ex. A., ¶ 87.

31.     The Underlying Lawsuit asserts a claim of negligence against Mesoamerican for the bodily injuries and wrongful death allegedly resulting from Decedent's work for Mesoamerican on the Project. *Id.*

11

32.     Thus, the Underlying Lawsuit allegedly involves "bodily injury" to an "employee" of Mesoamerican arising out of and in the course of his employment by Mesoamerican or while performing duties related to the conduct of Mesoamerican's business.

33.     Alternatively, the Underlying Lawsuit alleges that Decedent was performing "labor" for Mesoamerican at the time of the alleged fall and resulting injuries, which is excluded by subsection A.(2) of the exclusion. See Ex. A, ¶ 87.

34.     Additionally, the Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement disclaims coverage for "bodily injury" to contractors or subcontractors working on behalf of Mesoamerican, or any employees working for such contractors or subcontractors.

35.     To the extent Decedent was working for a contractor or subcontractor on behalf of Mesoamerican, coverage for the Underlying Lawsuit is further precluded by the Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement.

36.     The Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement is clear and unambiguous and bars coverage for the Underlying Lawsuit.

37.    Evanston has no duty to defend Mesoamerican in the Underlying Suit in accordance with the Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement.

38.    Therefore, Evanston seeks a judicial determination that Mesoamerican is not entitled to coverage under the Policy as the Policy's Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement applies to preclude coverage for the Underlying Lawsuit.

39.    A judicial determination is necessary and appropriate at this time so that the parties may ascertain their rights and obligations under the Policy.

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Evanston respectfully prays for the following relief:

A.    For a declaratory judgment that Mesoamerican is not entitled to coverage under the Policy for the Underlying Lawsuit;

B.    Declaring that Evanston has no duty to defend Mesoamerican in the Underlying Lawsuit in accordance with the application of the Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement; and

C.    For such other and further relief as this Court deems just and proper.

## COUNT II
**Declaratory Judgment that Evanston has No Duty to Defend Based on the Workers' Compensation And Similar Laws Exclusion**

40.    Evanston incorporates preceding paragraphs 1 through 26 as though fully restated herein.

41.    An actual controversy exists between Evanston and Mesoamerican concerning their respective rights and obligations under the Policy.

42.    The Policy's Workers' Compensation And Similar Laws Exclusion provides that there is no coverage for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

43.    While the Underlying Lawsuit alleges that Decedent was not covered by any workers compensation insurance coverage, (*see* Ex. A., ¶ 88) the potential obligation of Mesoamerican to Decedent's Estate and Survivors in the Underlying Lawsuit arises under a workers' compensation or similar law.

44.    The Workers' Compensation And Similar Laws exclusion thus applies to preclude coverage for any liability of Mesoamerican related to the allegations made in the Underlying Lawsuit.

45.    Accordingly, Evanston has no duty to defend Mesoamerican in the Underlying Suit pursuant to the Workers' Compensation and Similar Laws Exclusion.

46.    Therefore, Evanston seeks a judicial determination that Mesoamerican is not entitled to coverage under the Policy as the Policy's Workers' Compensation

And Similar Laws exclusion applies to preclude coverage for the Underlying Lawsuit.

47.    A judicial determination is necessary and appropriate at this time so that Evanston may ascertain its rights and duties under the Policy.

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Evanston respectfully requests that this Court enter judgment in its favor as follows:

A.    For a declaratory judgment that Mesoamerican is not entitled to coverage under the Policy for the Underlying Lawsuit;

B.    Declaring that Evanston has no duty to defend Mesoamerican in the Underlying Lawsuit based on the applicability of the Workers' Compensation And Similar Laws exclusion; and

C.    For such other and further relief as this Court deems just and proper.

## COUNT III

**Declaratory Judgment that Evanston has No Duty to Pay Medical Expenses Under Coverage Part C of the Policy Based upon the Exclusions for Hired Persons and Workers' Compensation And Similar Laws**

48.    Evanston incorporates preceding paragraphs 1 through 26 as though fully restated herein.

49.    An actual controversy exists between Evanston and Mesoamerican concerning their respective rights and obligations under the Policy.

50.    The Policy's Hired Persons Exclusion in Coverage C-Medical Payments provides that Evanston will not pay expenses for "bodily injury" to a person hired to do work for or on behalf of any insured or a tenant of any insured.

51.    The Underlying Lawsuit alleges that Decedent was doing work for Mesoamerican when he was caused to fall and was injured.

52.    The Policy's Workers' Compensation And Similar Laws Exclusion in Coverage C states that Evanston will not pay expenses for "bodily injury" to a person if benefits are payable or must be provided under a workers' compensation, disability benefits or a similar law.

53.    While the Underlying Lawsuit alleges that Decedent was not covered by any workers compensation insurance coverage, (*See* Ex. A., ¶ 88) the potential liability of Mesoamerican to Decedent's Estate and Survivors in the Underlying Lawsuit arises under a workers' compensation or similar law.

54.    Coverage Part C's Exclusion d. thus applies to preclude payment for any expenses for "bodily injury" related to the allegations made in the Underlying Lawsuit.

55.    Accordingly, Evanston has no duty to pay medical expenses related to the allegations made in the Underlying Lawsuit under Coverage Part C of the Policy.

56.    Therefore, Evanston seeks a judicial determination that Evanston is not required to pay medical expenses under the Policy.

57.     A judicial determination is necessary and appropriate at this time so that Evanston may ascertain its rights and obligations under the Policy.

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Evanston respectfully requests that this Court enter judgment in its favor as follows:

A.      For a declaratory judgment that Evanston is not required to pay medical expenses under Coverage Part C for "bodily injury" related to the allegations of the Underlying Lawsuit; and

B.      For such other and further relief as this Court deems just and proper.

## COUNT IV
### Evanston has No Duty to Indemnify Mesoamerican with respect to the Underlying Lawsuit

58.     Evanston incorporates preceding paragraphs 1 through 26 as though fully restated herein.

59.     An actual controversy exists between Evanston and Mesoamerican concerning their respective rights and duties under the Policy.

60.     The Policy's Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement, Workers' Compensation And Similar Laws Exclusion, and Hired Person and the Workers' Compensation and Similar Laws Exclusions in its Medical Payments coverage part preclude coverage for the allegations in the Underlying Lawsuit in their entirety.

61.     Based on the allegations in the Underlying Lawsuit and the terms and conditions of the Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement, the Workers' Compensation And Similar Laws Exclusion, and the Hired Person and Workers' Compensation Exclusions for Medical Payments, Evanston has no duty to defend Mesoamerican in the Underlying Lawsuit.

62.     As Evanston has no duty to defend the Underlying Lawsuit, there is no duty to indemnify any sums the insured may become legally obligated to pay as damages with respect to the claims made in the Underlying Lawsuit.

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Evanston respectfully requests that this Court enter judgment in its favor as follows:

A.     For a declaratory judgment that Mesoamerican is not entitled to coverage under the Policy for the Underlying Lawsuit;

B.     Declaring that Evanston has no duty to indemnify Mesoamerican in connection with the Underlying lawsuit; and

C.     For such other and further relief as this Court deems just and proper.

*THIS SECTION LEFT BLANK INTENTIONALLY.*

18

## DEMAND FOR JURY TRIAL

Evanston demands a trial by jury on all claims and defenses so triable.

DATED this 25th day of January, 2021.

Respectfully submitted,

**LEWIS BRISBOIS
BISGAARD & SMITH LLP**
*Counsel for Evanston Insurance Company*
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

By:  */s/ Kristen D. Perkins*
**KRISTEN D. PERKINS, ESQ.**
Florida Bar No. 611816
Kristen.Perkins@lewisbrisbois.com