UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.                                                   Case No. 2:21-cv-00062-FTM-38MRM

MESOAMERICAN BUILDERS, INC.,

    Defendant.
_____/
MESOAMERICAN BUILDERS, INC.,

    Counter-Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Counter-Defendant.
_____/

**DEFENDANT MESOAMERICAN BUILDERS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES,
COUNTERCLAIM FOR DECLARATORY RELIEF,
AND DEMAND FOR A JURY TRIAL**

COMES NOW, Defendant/Counter-Plaintiff MESOAMERICAN BUILDERS, INC. ("Mesoamerican"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to the Plaintiff/Counter-Defendant EVANSTON INSURANCE COMPANY'S ("Evanston") Complaint for Declaratory Relief, and files its Counterclaim for Declaratory Relief against Evanston, as follows:

## MESOAMERICAN BUILDERS, INC.'S ANSWER

## NATURE OF THE ACTION

1. Admitted that Evanston has filed this action seeking declaratory relief and admitted for jurisdictional purposes only and denied that Evanston is entitled any relief.

## THE PARTIES

2. Without sufficient knowledge and therefore, denied.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

## JURISDICTION AND VENUE

5. Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

7. Admitted for jurisdictional purposes only.

8. Admitted for venue purposes only.

## BACKGROUND
### The Underlying Lawsuit

9. Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, without sufficient knowledge as to the reminder, therefore denied.

10. Denied.

11. Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies the allegation.

12. Denied.

13. Admitted that in paragraph 87, the Underlying Lawsuit alleges that "*On or about December 16, 2018, Decedent was doing work for Mesoamerican…*", but also admits that the Underlying Lawsuit, in paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134, states the exact same allegation only directed each of the other co-defendants: "*On or about December 16, 2018, Decedent was doing work for [each of the other co-defendants in the Underlying Lawsuit]*", and otherwise denies the allegation.

14. Admitted that in paragraph 22, the Underlying Lawsuit alleges same, but also admitted that the Underlying Lawsuit, in paragraphs 30, 38, 46, 53, and 59, states the exact same allegation only directed each of the other co-defendants, and otherwise denies the allegation.

15. Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies that either plaintiffs in the Underlying Lawsuit or Evanston are entitled to any relief.

## The Evanston Policy

16. Admitted.

17. Admitted.

18. Admitted.

19. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

20. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

21. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

22. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

23. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

24. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

25. Without sufficient knowledge, therefore denied.

26. Denied.

### COUNT I
**Declaratory Judgment that Evanston has No Duty to Defend the Underlying Lawsuit Based on the Exclusion-Employer's Liability and Bodily Injury to Contractors or Subcontractors Endorsement**

27. Mesoamerican repeats its answers to paragraphs 1-26 above.

28. Admitted for jurisdictional purposes only, otherwise denied.

29. Denied.

30. Admitted that in paragraph 87, the Underlying Lawsuit alleges that "*On or about December 16, 2018, Decedent was doing work for Mesoamerican…*", but also admits that the Underlying Lawsuit, in paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134, states the exact same allegation only directed each of the other co-defendants: "*On or about December 16, 2018, Decedent was doing work for [each of the other co-defendants in the Underlying Lawsuit]*", and otherwise denies the allegation.

31. Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies that either the plaintiffs in the Underlying Lawsuit or Evanston are entitled to any relief.

32. Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies that the Underlying Lawsuit alleges that the Decedent (1) was an "employee" of only Mesoamerican, (2) was employed only by Mesoamerican, (3) was performing duties related only to Mesoamerican's business, (4) was doing work only for Mesoamerican, and (5) was performing "labor" only for Mesoamerican. See Underlying Lawsuit paragraphs 9, ,17, 73, 80, 94, 101. 108, 115, 121, 128, and 134.

33. Denied that the Underlying Lawsuit alleges that Decedent (1) was an "employee" of only Mesoamerican, (2) was employed only by Mesoamerican, (3) was performing duties related only to Mesoamerican's business, (4) was doing work only for Mesoamerican, and (5) was performing "labor" only for Mesoamerican. See Underlying Lawsuit paragraphs 9, ,17, 73, 80, 94, 101. 108, 115, 121, 128, and 134.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder.

39. Admitted for jurisdictional purposes only.

## COUNT II
### Declaratory Judgment that Evanston has No Duty to Defend Based on the Workers' Compensation And Similar Laws Exclusion

40. Mesoamerican repeats its answers to paragraphs 1-26 above.

41. Admitted for jurisdictional purposes only.

42. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

43. Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies that either the plaintiffs in the Underlying Lawsuit or Evanston are entitled to any relief.

44. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

45. Denied.

46. Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder.

47. Admitted for jurisdictional purposes only.

## COUNT III
### Declaratory Judgment that Evanston has No Duty to Pay Medical Expenses Under Coverage Part C of the Policy Based upon the Exclusions for Hired Persons and Workers' Compensation And Similar Laws

48. Mesoamerican repeats its answers to paragraphs 1-26 above.

49. Admitted for jurisdictional purposes only.

50. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

51. Admitted that in paragraph 87, the Underlying Lawsuit alleges that "*On or about December 16, 2018, Decedent was doing work for Mesoamerican…*", but also admits that the Underlying Lawsuit, in paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134, states the exact same allegation only directed each of the other co-defendants: "*On or about December 16, 2018, Decedent was doing work for [each of the other co-defendants in the Underlying Lawsuit]*", and otherwise denies the allegation.

52. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

53. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

54. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

55. Denied.

56. Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder.

57. Admitted for jurisdictional purposes only.

## COUNT IV
### Evanston has No Duty to Indemnify Mesoamerican with respect to the Underlying Lawsuit

58. Mesoamerican repeats its answers to paragraphs 1-26 above.

59. Admitted for jurisdictional purposes only.

60. Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

61. Denied.

62. Denied.

## MESOAMERICAN BUILDERS, INC.'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Mesoamerican affirmatively alleges that it has complied with all conditions precedent and to the extent that it has failed to comply with any conditions precedent,

the failure to comply did not prejudice and/or is immaterial as an immaterial breach of the subject contract(s) of insurance.

## Second Affirmative Defense

Mesoamerican affirmatively alleges that Evanston has failed to comply with all conditions precedent to filing the instant action for declaratory relief such that its failure to comply has prejudiced and/or is a material breach of the subject contract(s) of insurance.

## Third Affirmative Defense

Mesoamerican affirmatively alleges that Evanston has failed to join necessary parties to this action, particularly the plaintiffs in the Underlying Lawsuit, as they have an interest and stake in the outcome of any declarations made by this Court.

## Fourth Affirmative Defense

Mesoamerican affirmatively alleges that Evanston has failed to state a cause of action upon which relief can be granted.

## Fifth Affirmative Defense

Mesoamerican affirmatively alleges that the endorsement titled "Exclusion-Employer's Liability and Bodily Injury to Contractors or Subcontractors" bearing form number MEGL 1637 05 17 does not apply to the instant case as: (1) the decedent was not an employee or worker of Mesoamerican, (2) the decedent was not an employee or worker of any of Mesoamerican's hired/engaged subcontractors, (3) Mesoamerican had no control over, and did not exercise any control over, the

decedent, (4) the decedent was not performing any labor for Mesoamerican, (5) the decedent was not performing any labor for any of Mesoamerican's hired/engaged subcontractors, and/or (6) Mesoamerican was not in possession or control over the subject premises where the incident occurred and the decedent was not invited on to the subject premises by Mesoamerican. As such coverage is available and Plaintiff is estopped from asserting "Exclusion-Employer's Liability and Bodily Injury to Contractors or Subcontractors" as a basis for denial of coverage and of its duties to defend and indemnify Mesoamerican.

### Sixth Affirmative Defense

Mesoamerican affirmatively alleges that Evanston has the duty to defend Mesoamerican from the claims of the plaintiffs in the Underlying Lawsuit as pled in their Complaint against Mesoamerican and others as pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, Case No. 2020-CA-3924.

### Seventh Affirmative Defense

Mesoamerican affirmatively alleges that Evanston has the duty to indemnify Mesoamerican from the claims of the plaintiffs in the Underlying Lawsuit as pled in their Complaint against Mesoamerican and others as pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, Case No. 2020-CA-3924.

### Eighth Affirmative Defense

Mesoamerican affirmatively alleges the benefits of Florida Statutes §§626.9373 and 57.104 for the purpose of recovering their attorneys' fees and legal assistant fees. The undersigned has been hired by Mesoamerican to defend this action, and Mesoamerican is required to compensate counsel for the same.

### MESOAMERICAN BUILDERS, INC.'S COUNTERCLAIM FOR DECLARATORY RELIEF

COMES NOW, Defendant/Counter-Plaintiff MESOAMERICAN BUILDERS, INC. ("Mesoamerican"), by and through its undersigned counsel, and hereby files its Counterclaim for Declaratory Relief against Plaintiff/Counter-Defendant EVANSTON INSURANCE COMPANY'S ("Evanston"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Mesoamerican seeks a declaration that Evanston has an obligation to defend and indemnify Mesoamerican against claims in an underlying lawsuit that arises out of injuries suffered by Mr. Fernando Sorcia Beristain ("Decedent") on or about December 16, 2018, pursuant to the terms and conditions of the Commercial General Liability Policy of insurance issued by Evanston to Mesoamerican.

## THE PARTIES

3. Mesoamerican is a Florida Corporation with its principal place of business in Collier County, Florida.

4. Upon information and belief, Evanston is an Illinois insurance company authorized to conduct business in the state of Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Procedure.

6. An actual justiciable controversy between Mesoamerican and Evanston exists within the meaning of 28 U.S.C. §2201 regarding the parties' rights and obligations under the applicable policy of insurance with respect to the allegations made in the underlying lawsuit filed by Juan Bazo as Personal Representative of the Estate of Fernando Sorcia Beristain styled *Juan Bazo as Personal Representative of the Estate of Fernando Sorcia Beristain, and on behalf of Fernando Sorcia Beristain and the Survivors of the Estate, Minor, Marjorie Sorcia Benitez and Minor, Yailin Fernanda Sorcia Benitez v. Sunshine Building Group Properties, LLC, Sunshine Building Group, Inc., Mesoamerican Builders, Inc., Atlantis Construction of Naples Drywall Division, Inc., Atlantis Construction of Naples, Inc., Fallsafe Solutions, LLC, Joel D'Aquino, Individually, and Joel D'Aquina d/b/a Joel D'Aquino* filed in the Circuit Court of Collier County, Florida, under Case No. 2020-CA-003924 (the "Underlying Lawsuit"). The Complaint ("Underlying Complaint") in the Underlying Lawsuit was attached as Exhibit "A" to

Evanston's Complaint in this matter and is not being attached to this Counterclaim but is incorporated herein by reference.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in Collier County, Florida, which is within this district and the Underlying Lawsuit's venue is in Collier County, Florida.

## BACKGROUND
### The Underlying Lawsuit

9. This action arises out of the Underlying Lawsuit, wherein it is alleged, *inter alia*, that on or about December 16, 2018, the Decedent died while working on a construction project located at 545 Production Blvd., Naples, FL 34104 (the "Project") due to the negligence of Mesoamerican and others.

### The Evanston CGL Policy

10. Evanston issued to Mesoamerican a Commercial General Liability Policy No. 3AA159403, effective January 29, 2018 to January 29, 2019 (the "Policy"), which was attached as Exhibit "B" to Evanston's Complaint in this matter and is not being attached to this Counterclaim but is incorporated herein by reference.

11. The Policy's Named insured is Mesoamerican Builders, Inc.

12. The Policy provides limits of $1,000,000 for Each Occurrence, with $2,000,000 General Aggregate limits of liability insurance, and $5,000,000 Construction Project General Aggregate Limit/Maximum Annual Limit of Insurance (see Policy form MEGL 0313 02 17).

13. Section I Coverages; Coverage A – Bodily Injury and Property Damage Liability; 1. Insuring Agreement, states "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"… to which this insurance applies. We will have the right and the duty to defend the insured against an "suit" seeking those damages."

14. Section I Coverages; Coverage A – Bodily Injury and Property Damage Liability; 1. Insuring Agreement, states "e. Damages because of "bodily injury" includes damages claims by any person … for … death resulting at any time from the "bodily injury.""

## THIS CASE

15. An actual controversy exists because Mesoamerican is in doubt as to its rights, duties, and the obligations owed to it by Evanston pursuant to the Policy and the Policy's applicability to Underlying Lawsuit, and is in need of a judicial declaration of the same.

16. More specifically, Mesoamerican believes coverage is available under the Policy because, *inter alia*:

    a. The Underlying Complaint alleges that the death of the Decedent (i.e. "Bodily Injury") was caused by the alleged negligence of Mesoamerican (i.e. an "occurrence") and others;

    b. The Underlying Complaint alleges negligence by Mesoamerican that constitutes an "occurrence" under the Policy, including, but not limited to, claims of: (1) "negligently permitted scaffold construction", (2) "negligently permitted insufficient protective equipment", and (3) "(insufficient ladders/scaffolding equipment." (*See* Underlying Complaint paragraphs 84-86);

    c. The Underlying Complaint alleges that the "Bodily Injury", including death of the Decedent, occurred during the policy period of the Policy;

    d. The Underlying Complaint does <u>not</u> allege that any of the other defendants were acting as a either contractor or subcontractor for Mesoamerican; and

    e. The Underlying Complaint alleges that the Decedent "*was doing work for…*" <u>not only</u> Mesoamerican, but also for defendants Sunshine Building Group, Inc., Sunshine Building Group Properties, LLC, Atlantis Construction of Naples, Inc., Atlantis Construction of Naples Drywall Division, Inc., Fallsafe Solutions, LLC, Joel D'Aquino, Individually, and Joel D'Aquino d/b/a Joel D'Aquino. (*See* Underlying Complaint paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134.).

17. As a result of the Underlying Lawsuit, Mesoamerican is exposed to or could be held liable for:

    a. The cost of defending, handling, and/or settling claims against it; and

    b. The amount of any judgment entered against it for the "Bodily Injury" and accompanying damages.

18. Mesoamerican has complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, Evanston has denied the claims in question, and/or has reserved its rights to deny the claims in question. Alternatively, to the extent that Mesoamerican has failed to comply with any conditions precedent, the failure of Mesoamerican to comply with the same did not prejudice and/or is

immaterial as an immaterial breach of the Policy as such claims were or would have been denied Evanston. Alternatively, Evanston is estopped from asserting any defenses related to conditions precedent. More specifically, Mesoamerican has plainly given notice of the claims which are the subject of this action for declaratory relief to Evanston and/or its designated agents.

19. Mesoamerican has retained the undersigned and is obligated to pay them a reasonable fee for their services. Mesoamerican claims its attorneys' fees and legal assistant fees pursuant to Florida Statutes §§626.9373 and 57.104, respectively, and costs pursuant to Florida Statute §57.041.

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Defendant/Counter-Plaintiff MESOAMERICAN BUILDERS, INC. respectfully requests declaratory judgment against Plaintiff/Counter-Defendant EVANSTON INSURANCE COMPANY declaring that:

1. This Court has jurisdiction over the subject matter;
2. This Court has jurisdiction over the parties in this matter;
3. Evanston has a duty to defend Mesoamerican in the Underlying Lawsuit;
4. Evanston has a duty to indemnify Mesoamerican as to the Underlying Lawsuit;
5. Mesoamerican is entitled to damages, including pre and post judgment interest;

6.  Pursuant to Florida Statutes §626.9373, §57.104, and §57.041, Mesoamerican is entitled to recover its attorneys' fees and costs incurred in this action;

7.  This Court retain jurisdiction for supplement proceedings pursuant to 28 U.S.C.S. §2202, including but not limited to claims for damages for breach of Florida's duty of good faith, allowing, if necessary, Mesoamerican to amend its pleadings to reflect such claims upon determination of coverage, or any other appropriate time; and

8.  This Court grant all other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Mesoamerican demands a trial by jury on all claims and defenses so triable.

DATED this 19th day of April, 2021.

    Respectfully submitted,

    **CHEFFY PASSIDOMO, P.A.**
    *Counsel for Mesoamerican Builders, Inc.*
    4100 W. Kennedy Blvd., Suite 335
    Tampa, FL 33609
    (239) 261-9300

    By: */s/ Debbie Sines Crockett*
    **Debbie Sines Crockett, Esq.**
    Florida Bar No. 33706
    dscrockett@napleslaw.com
    aclarke@napleslaw.com
    glhamilton@napleslaw.com