UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.                                              Case No. 2:21-cv-00062-FTM-38MRM

MESOAMERICAN BUILDERS, INC.,

    Defendant.
_____/
MESOAMERICAN BUILDERS, INC.,

    Counter-Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Counter-Defendant.
_____/

## MESOAMERICAN BUILDERS, INC.'S RESPONSE IN OPPOSITION TO EVANSTON'S MOTION FOR ENTRY OF CLERK'S DEFAULT

COMES NOW, Defendant/Counter-Plaintiff MESOAMERICAN BUILDERS, INC. ("Mesoamerican"), by and through its undersigned counsel, and hereby files its Response in Opposition to Plaintiff/Counter-Defendant EVANSTON INSURANCE COMPANY'S ("Evanston") Motion for Entry of Clerk's Default, and states as follows:

1. Evanston filed its Complaint on or about February 1, 2021. [D.E. 60].

2. Mesoamerican's response was initially due on or before February 22, 2021.

3. However, even as of March 30, 2021, the undersigned was not yet permitted by Mesoamerican to enter in appearance in this matter.

4. As such, the undersigned communicated with counsel for Evanston requesting an extension of time until April 19, 2021[1], and counsel for Evanston, with professional courtesy, graciously agreed. [D.E. 14-5].

5. On April 19, 2021, with permission from Mesoamerican to enter an appearance in this matter, the undersigned proceeded with certain filings in this case.

6. On April 19, 2021, *prior to* Evanston filing its Motion for Entry of Clerk's Default [D.E. 13], *prior to* Evanston filing its Response to Order to Show Cause [D.E. 14], and *prior to* any default being entered against Mesoamerican, Mesoamerican filed its Answer, Affirmative Defenses, and Counterclaim [D.E. 10] along with its Notice of Related Action [D.E. 11] and its Corporate Disclosure Statement [D.E. 12].

7. In fact, Evanston did not seek or request entry of a clerk's default prior to April 19, 2021, and by the time it filed its Motion for Entry of Clerk's Default [D.E. 13], Mesoamerican had already filed its Answer, Affirmative Defenses, and Counterclaim to Evanston's Complaint. [D.E. 10].

## **MEMORANDUM OF LAW**

8. Parties are encouraged to act with courtesy and civility and cooperate in effort to resolve disputes. *Ffrench v. Ffrench*, No. 18-80569-CIVCOHN/

---

[1] Citing to both not having permission to enter an appearance and also due to the undersigned counsel's summons for jury service before the United States District Court in and for Middle District of Florida – Tampa Division.

MATTHEWMAN, 2018 U.S. Dist. LEXIS 238562 at *3 (S.D. Fla. May 31, 2018); *Kennedy v. Daus Invs., LLC.*, No. 8:18-cv-689-T-36AAS, 2018 U.S. Dist. LEXIS 77314 at *2 (M.D. Fla. May 18, 2018) (holding that litigants should consent to reasonable requests for extensions of time to respond to a complaint, and stating "litigation must be practiced with professionalism and reasonableness."). *See also, Cake v. Casual Concepts, Inc.*, No. 3:16-CV-102-J-32PDB, 2017 U.S. Dist. LEXIS 145000 at *26 (M.D. Fla. Aug. 16, 2017) (noting that in the context of discovery "[c]ounsel in this district typically accommodate reasonable requests for additional time.").

9. Though a default has not been entered, and Mesoamerican is not seeking to vacate any default, comparing the standard for vacating default and the facts in this case, may be helpful in determining that Evanston's Motion for Entry of Clerk's Default should be denied.

10. A motion to set aside entry of default is governed by Rule 55(c) which provides, in relevant part, that "[f]or good cause shown the court may set aside an entry of default."*Sobkowski v. Wyeth, Inc.*, 5:04 CV 96-OC-10GRJ, 2004 WL 3569703, at *2 (M.D. Fla. June 4, 2004), *report and recommendation adopted,* 5:04-CV-96-OC-10GRJ, 2004 WL 3569702 (M.D. Fla. July 12, 2004).

11. The United States Court of Appeals for the Eleventh Circuit has set forth the standard regarding motions to vacate default judgments: "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good

reason existed for failing to reply to the complaint." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (internal quotation omitted).

12. Here, both corporate counsel for Mesoamerican and the undersigned communicated with and conferred with counsel for Evanston regarding the requested extension of time; Counsel for Evanston graciously agreed to multiple extensions of time. [D.E. 14-1 through D.E. 14-5].

13. Based on the agreements and because Mesoamerican had not yet granted its counsel (the undersigned) permission to enter an appearance in this matter, the undersigned was unable to file any documents, including any sort of notice of appearance or motion requesting an extension of time, until April 19, 2021.

14. Then on April 19, 2021, the undersigned proceeded with filing Mesoamerican's Answer, Affirmative Defenses, and Counterclaim [D.E. 10] along with Mesoamerican's Notice of Related Action [D.E. 11] and Mesoamerican's Corporate Disclosure Statement [D.E. 12], rather than file any sort of motion for extension of time or the like. *See Compania Interamericana Exp.-Imp., S.A. v. Compania Domenicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) ("We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.") (internal citations omitted).

15. Mesoamerican has meritorious defenses and intends to defend against Evanston's claims as well as to prosecute its own Counterclaim [D.E. 10], and in doing

so, Mesoamerican will comply with the Local Rules and all applicable Federal Rules of Civil Procedure. *See Sobkowski*, 2004 WL 3569703, at *2. (In determining a defendant's meritorious defense, "the likelihood of success is not the measure. [Defendant's] allegations are meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense.").

16. Denial of Evanston's Motion for Clerk's Default will not prejudice Evanston as both Mesoamerican and Evanston should be permitted to litigate the matters and issues in this case on the merits. *See Sobkowski,* 2004 WL 3569703, *2. ("Rather the prejudice to be considered [] is the effect of setting aside the default, if any, on Plaintiff's ability to prosecute the case on the merits.").

17. Evanston's Motion for Entry of Clerk's Default should be denied because:

   a. at the time of Mesoamerican's various filings on April 19, 2021, no clerk's default had been entered against Mesoamerican and Evanston had not sought entry of a clerk's default;

   b. Mesoamerican has meritorious defenses and a Counterclaim against Evanston;

   c. Evanston will not be prejudiced by denial of its Motion for Entry of Clerk's Default, and instead Mesoamerican and Evanston can proceed to litigate the matters and issues in the case on the merits; and

   d. Mesoamerican and Evanston agreed to an extension of time to April 19, 2021, and finally with permission from Mesoamerican, the undersigned counsel was able to file documents on April 19, 2021.

WHEREFORE, Defendant/Counter-Plaintiff MESOAMERICAN BUILDERS, INC. respectfully requests that Plaintiff/Counter-Defendant

EVANSTON INSURANCE COMPANY'S Motion for Entry of Clerk's Default be denied, that Mesoamerican and Evanston be permitted to litigate the matters and issues in this case on the merits, and that this Court grant all other and further relief as this Court deems just and proper.

DATED this 20th day of April, 2021.

        Respectfully submitted,

        **CHEFFY PASSIDOMO, P.A.**
        *Counsel for Mesoamerican Builders, Inc.*
        4100 W. Kennedy Blvd., Suite 335
        Tampa, FL 33609
        (813) 225-2684

        By: */s/ Debbie Sines Crockett*
        **Debbie Sines Crockett, Esq.**
        Florida Bar No. 33706
        dscrockett@napleslaw.com
        aclarke@napleslaw.com
        glhamilton@napleslaw.com