UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON INSURANCE COMPANY,
     Plaintiff,

v.                                  Case No. 2:21-cv-62-SPC-MRM

MESOAMERICAN BUILDERS, INC.,
     Defendant.
_____/
MESOAMERICAN BUILDERS, INC.,
     Counter-Plaintiff,

v.

EVANSTON INSURANCE COMPANY,
     Counter-Defendant.
_____/

## MESOAMERICAN BUILDERS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO
## EVANSTON INSURANCE COMPANY'S FIRST AMENDED COMPLAINT
## FOR DECLARATORY RELIEF

COMES NOW, Defendant/Counter-Plaintiff MESOAMERICAN BUILDERS, INC. ("Mesoamerican"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to the Plaintiff/Counter-Defendant EVANSTON INSURANCE COMPANY'S ("Evanston") First Amended Complaint for Declaratory Relief [Doc #29], as follows:

## MESOAMERICAN BUILDERS, INC.'S ANSWER

## NATURE OF THE ACTION

1.     Admitted that Evanston has filed this action seeking declaratory relief with regard to claims made by the Decedent in the Underlying Lawsuit, admitted for jurisdictional purposes only, and denied that Evanston is entitled any relief.

## THE PARTIES

2.   Without sufficient knowledge and therefore, denied.

3.   Admitted for jurisdictional purposes only.

4.   Admitted for jurisdictional purposes only.

## JURISDICTION AND VENUE

5.   Admitted for jurisdictional purposes only.

6.   Admitted for jurisdictional purposes only.

7.   Admitted for jurisdictional purposes only.

8.   Admitted for venue purposes only.

## BACKGROUND

### A. The Underlying Lawsuit

9.   Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, without sufficient knowledge as to the reminder, therefore denied.

10.   Denied.

11.   Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies the allegation.

12.   Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, without sufficient knowledge as to the reminder, therefore denied.

13.   Admitted that in paragraph 87, the Underlying Lawsuit alleges that "*On or about December 16, 2018, Decedent was doing work for Mesoamerican*…", but also admits that the Underlying Lawsuit, in paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134, states the exact same allegation only directed each of the other co-defendants:

"*On or about December 16, 2018, Decedent was doing work for [each of the other co-defendants in the Underlying Lawsuit]*", and otherwise without sufficient knowledge as to the reminder, therefore denied.

14.     Admitted that in paragraph 22, the Underlying Lawsuit alleges same, but also admitted that the Underlying Lawsuit, in paragraphs 30, 38, 46, 53, and 59, states the exact same allegation only directed each of the other co-defendants, and otherwise without sufficient knowledge as to the reminder, therefore denied.

15.     Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies that either plaintiffs in the Underlying Lawsuit or Evanston are entitled to any relief.

**B. The Evanston Policy**

16.     Admitted only that the policy speaks for itself.

17.     Admitted.

18.     Admitted only that the policy speaks for itself, but denied that these are the only applicable limits available to Mesoamerican regarding the allegations in and facts of the Underlying Lawsuit.

19.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, and therefore, denies the allegation.

20.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

21.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

22.     Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

23.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

24.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

25.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

**C. Evanston's Coverage Position**

26.     Admitted only that the referenced correspondence speaks for itself, otherwise denies that contents of the correspondence, in whole or in part, is truthful, accurate, complies with Florida law, or applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

27.     Denied.

28.     Admitted only that the referenced correspondence speaks for itself, otherwise denies that contents of the correspondence, in whole or in part, is truthful, accurate, or applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

29.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

30.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation.

31.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted endorsement is triggered or otherwise applies. Therefore, since the quoted endorsement has not been triggered or otherwise applies, Mesoamerican denies that it was required to provide "any proof of compliance with the conditions of the … [e]ndorsement."

32.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican

denies that the quoted endorsement has been triggered or otherwise applies. Therefore, since the quoted endorsement has not been triggered or otherwise applies, Mesoamerican denies that it was required to provide "any proof of compliance with the conditions of the … [e]ndorsement," and further denies that the $50,000 limit is triggered or otherwise applies.

33.     Admitted only that the referenced correspondence speaks for itself, otherwise denies that contents of the correspondence, in whole or in part, is truthful, accurate, complies with Florida law, or applies to the instant case or to the allegations in and facts of the Underlying Lawsuit, therefore, denies the allegation. Mesoamerican denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted endorsement has been triggered or otherwise applies. Therefore, since the quoted endorsement has not been triggered or otherwise applies, Mesoamerican denies that it was required to provide "any proof of compliance with the conditions of the … [e]ndorsement," and further denies that the $50,000 limit has been triggered or otherwise applies.

## COUNT I

34.     Mesoamerican repeats its answers to paragraphs 1-33 above.

35.     Admitted for jurisdictional purposes only, otherwise denied.

36.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and

facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies.

37.     Admitted that in paragraph 87, the Underlying Lawsuit alleges that "*On or about December 16, 2018, Decedent was doing work for <u>Mesoamerican</u>…*", but also admits that the Underlying Lawsuit, in paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134, states the exact same allegation only directed each of the other co-defendants: "*On or about December 16, 2018, Decedent was doing work for <u>[each of the other co-defendants in the Underlying Lawsuit</u>]*", and otherwise denies the allegation.

38.     Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies that either the plaintiffs in the Underlying Lawsuit or Evanston are entitled to any relief.

39.     Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denied. Moreover, the Underlying Lawsuit does NOT make such allegations, and does NOT allege that the Decedent (1) was an "employee" of <u>only</u> Mesoamerican, (2) was employed <u>only</u> by Mesoamerican, (3) was performing duties related <u>only</u> to Mesoamerican's business, (4) was doing work <u>only</u> for Mesoamerican, and (5) was performing "labor" <u>only</u> for Mesoamerican. See Underlying Lawsuit paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134.

40.     Admitted only that the Underlying Lawsuit and the policy speaks for themselves, and otherwise, denied. Moreover, the Underlying Lawsuit does <u>not</u> make

such allegations, and does <u>not</u> allege that the Decedent (1) was an "employee" of <u>only</u> Mesoamerican, (2) was employed <u>only</u> by Mesoamerican, (3) was performing duties related <u>only</u> to Mesoamerican's business, (4) was doing work <u>only</u> for Mesoamerican, and (5) was performing "labor" <u>only</u> for Mesoamerican. See Underlying Lawsuit paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134. Lastly, denied that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies.

41.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies.

42.     Admitted only that the policy speaks for itself, otherwise denies that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies.

43.     Admitted only that the policy speaks for itself, otherwise denied. Moreover, denied that any quoted exclusion or endorsement applies to the instant case or to the allegations in and facts of the Underlying Lawsuit. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies.

44.     Denied.

45.     Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder.

46.     Admitted for jurisdictional purposes only.

## COUNT II

47.     Mesoamerican repeats its answers to paragraphs 1-33 above.

48.     Admitted for jurisdictional purposes only.

49.     Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

50.     Admitted only that the Underlying Lawsuit speaks for itself, and otherwise, denies that either the plaintiffs in the Underlying Lawsuit or Evanston are entitled to any relief. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies. Moreover, denied that Mesoamerican provided (and was any under obligation or requirement to

provide) workers compensation coverage or similar, to the Decedent or to the Decedent's employer. Further, denied that Mesoamerican was Decedent's 'statutory employer' as that phrase is understood under Florida law.

51.    Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation. Moreover, denied that Mesoamerican provided (and was any under obligation or requirement to provide) workers compensation coverage or similar to, the Decedent or to the Decedent's employer. Further, denied that Mesoamerican was Decedent's 'statutory employer' as that phrase is understood under Florida law.

52.    Denied.

53.    Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder.

54.    Admitted for jurisdictional purposes only.

## COUNT III

55.    Mesoamerican repeats its answers to paragraphs 1-33 above.

56.    Admitted for jurisdictional purposes only.

57.    Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation.

58.    Admitted that in paragraph 87, the Underlying Lawsuit alleges that "*On or about December 16, 2018, Decedent was doing work for Mesoamerican…*", but also admits

that the Underlying Lawsuit, in paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134, states the exact same allegation only directed each of the other co-defendants: "*On or about December 16, 2018, Decedent was doing work for [each of the other co-defendants in the Underlying Lawsuit]*", and otherwise denies the allegation.

59.     Mesoamerican states that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies.

60.     Admitted only that the Underlying Lawsuit and the policy speaks for themselves, and otherwise, denied. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies. Moreover, denied that Mesoamerican provided (and was any under obligation or requirement to provide) workers compensation coverage or similar, to the Decedent or to the Decedent's employer. Further, denied that Mesoamerican was Decedent's 'statutory employer' as that phrase is understood under Florida law.

61.     Admitted only that the Underlying Lawsuit and the policy speaks for themselves, and otherwise, denied. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise

applies. Moreover, denied that Mesoamerican provided (and was any under obligation or requirement to provide) workers compensation coverage or similar, to the Decedent or to the Decedent's employer. Further, denied that Mesoamerican was Decedent's 'statutory employer' as that phrase is understood under Florida law.

62.     Admitted only that the Underlying Lawsuit and the policy speaks for themselves, and otherwise, denied. Because Mesoamerican denies that the Decedent was performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the quoted exclusion or endorsement has been triggered or otherwise applies. Moreover, denied that Mesoamerican provided (and was any under obligation or requirement to provide) workers compensation coverage or similar, to the Decedent or to the Decedent's employer. Further, denied that Mesoamerican was Decedent's 'statutory employer' as that phrase is understood under Florida law.

63.     Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder.

64.     Admitted for jurisdictional purposes only.

## COUNT IV

65.     Mesoamerican repeats its answers to paragraphs 1-33 above.

66.     Admitted for jurisdictional purposes only.

67.     Admitted that the Policy speaks for itself, and otherwise denies that any quoted exclusion or endorsement applies to the instant case, and therefore, denies the allegation. Because Mesoamerican denies that the Decedent was performing work at

the Project for or on behalf of Mesoamerican, Mesoamerican denies that the referenced exclusions or endorsements have been triggered or otherwise applies.

68.    Denied.

69.    Denied.

## COUNT V

70.    Mesoamerican repeats its answers to paragraphs 1-33 above.

71.    Admitted for jurisdictional purposes only.

72.    Denied.

73.    Mesoamerican denies that the Decedent or Decedent's employer were performing work at the Project for or on behalf of Mesoamerican. Thus, Mesoamerican denies that Mesoamerican was required to secure, obtain, or maintain any certificates of insurance from either Decedent or Decedent's employer (or from any other contractors or worker on the Project who were not performing work at the Project for or on behalf of Mesoamerican).

74.    Mesoamerican denies that the Decedent or Decedent's employer were performing work at the Project for or on behalf of Mesoamerican. Moreover, no written contracts exist between Mesoamerican and either Decedent or Decedent's employer (or with any other contractors or worker on the Project who were not performing work at the Project for or on behalf of Mesoamerican). Thus, denied that Mesoamerican failed to produce any such contracts (i.e. they do not exist).

75.    Admitted.

76.     Denied. Mesoamerican denies that the Decedent, Decedent's employer, or Atlantis were performing work at the Project for or on behalf of Mesoamerican, and denied that Mesoamerican 'subcontracted' any work on the Project to the Decedent, Decedent's employer, or Atlantis.

77.     Mesoamerican denies that the Decedent, Decedent's employer, or Atlantis were performing work at the Project for or on behalf of Mesoamerican. Thus, Mesoamerican denies that Mesoamerican was required to secure, obtain, or maintain any certificates of insurance from Decedent, Decedent's employer, or Atlantis (or from any other contractors or worker on the Project who were <u>not</u> performing work at the Project for or on behalf of Mesoamerican).

78.     Denied. Because Mesoamerican denies that the Decedent, Decedent's employer, or Atlantis were performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the referenced exclusions or endorsements have been triggered or otherwise apply.

79.     Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder. Because Mesoamerican denies that the Decedent, Decedent's employer, or Atlantis were performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the referenced exclusion or endorsement has been triggered or otherwise applies. Therefore, since neither the referenced exclusion nor endorsement has been triggered or otherwise apply, Mesoamerican denies that the $50,000 limit applies.

80.     Admitted only that Evanston seeks a judicial determination, but denied that Evanston is entitled to any relief and denied as to the remainder. Because Mesoamerican denies that the Decedent, Decedent's employer, or Atlantis were performing work at the Project for or on behalf of Mesoamerican, Mesoamerican denies that the referenced exclusion or endorsement has been triggered or otherwise applies. Therefore, since neither the referenced exclusion nor endorsement has been triggered or otherwise apply, Mesoamerican denies that the $50,000 limit applies.

## MESOAMERICAN BUILDERS, INC.'S AFFIRMATIVE DEFENSES TO EVANSTON INSURANCE COMPANY'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

### First Affirmative Defense

1. Mesoamerican affirmatively alleges that it has complied with all conditions precedent and to the extent that it has failed to comply with any conditions precedent, the failure to comply did not prejudice and/or is immaterial as an immaterial breach of the subject contract(s) of insurance.

### Second Affirmative Defense

2. Mesoamerican affirmatively alleges that Evanston has failed to comply with all conditions precedent to filing the instant action for declaratory relief such that its failure to comply has prejudiced and/or is a material breach of the subject contract(s) of insurance.

### Third Affirmative Defense

3.  Mesoamerican affirmatively alleges that Evanston has failed to join necessary parties to this action, particularly the plaintiffs in the Underlying Lawsuit, as they have an interest and stake in the outcome of any declarations made by this Court.

### Fourth Affirmative Defense

4.  Mesoamerican affirmatively alleges that Evanston has failed to state a cause of action upon which relief can be granted.

### Fifth Affirmative Defense

5.  Mesoamerican affirmatively alleges that Evanston has the duty to defend Mesoamerican from the claims of the plaintiffs in the Underlying Lawsuit as pled in their complaint against Mesoamerican and others as pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, Case No. 2020-CA-3924.

### Sixth Affirmative Defense

6.  Mesoamerican affirmatively alleges that Evanston has the duty to indemnify Mesoamerican from the claims of the plaintiffs in the Underlying Lawsuit as pled in their complaint against Mesoamerican and others as pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, Case No. 2020-CA-3924.

## Seventh Affirmative Defense

7.  Mesoamerican affirmatively alleges that the endorsements, exclusions and limitations, titled: (1) "Exclusion-Employer's Liability and Bodily Injury to Contractors or Subcontractors" bearing form number MEGL 1637 05 17, (2) "Limitation – Contractor or Subcontractor Management" bearing form number MEGL 0103 11 14, (3) "Workers' Compensation And Similar Laws Exclusion"; and/or (4) "Hired Person and Worker's Compensation and Similar Laws Exclusion" under the policy's Coverage C - Medical Payments coverage - do not apply, cannot apply, or have not been triggered, to either the instant case or to the Underlying Lawsuit because, for all relevant periods of time:

(1) the Decedent was not an employee, worker, or laborer of Mesoamerican;

(2) the Decedent was not an "Employee", "Temporary worker", or "Volunteer worker" of Mesoamerican or any of Mesoamerican's hired/engaged contractors or subcontractors at the Project;

(3) Mesoamerican had no control over, and did not exercise any control over, the Decedent, Decedent's employer, Atlantis, or Mr. D'Aquino;

(4) the Decedent was not performing any labor or work for Mesoamerican or on Mesoamerican's behalf;

(5) the Decedent was not performing any labor or work for any of Mesoamerican's hired/engaged contractors or subcontractors or on Mesoamerican's behalf;

(6) Mesoamerican was not in possession or control over the subject premises where the incident occurred and the Decedent was not invited on to the subject premises by Mesoamerican;

(7) Decedent's employer was not a hired/engaged contractor or subcontractor of Mesoamerican's, and at no time was Decedent's employer performing any labor or work at the Project for or on behalf of Mesoamerica;

(8) Atlantis was not a hired/engaged contractor or subcontractor of Mesoamerican's, and at no time was Atlantis performing any labor or work at the Project for or on behalf of Mesoamerican;

(9) Mr. D'Aquino was not a hired/engaged contractor or subcontractor of Mesoamerican's, and at no time was Mr. D'Aquino performing any labor or work at the Project for or on behalf of Mesoamerican; and/or

(10) the Project location is not a premise or property that was owed or rented by Mesoamerican.

As such coverage is available to Mesoamerican and Plaintiff is estopped from asserting any of the referenced endorsements, exclusions, or limitations as a basis for denial of coverage and of its duties to defend and indemnify Mesoamerican.

### Eighth Affirmative Defense

8. Mesoamerican affirmatively alleges that, at all relevant times, (1) it was not the "statutory employer" or any type of employer of the Decedent, the Decedent's employer, Atlantis, or Mr. D'Aquino, and (2) the Decedent, the Decedent's

employer, Atlantis, and Mr. D'Aquino were not performing any labor or work at the Project for or on behalf of Mesoamerican. Thus, Mesoamerican did not (and was not required to provide) workers' compensation coverage, or similar, to Decedent, Decedent's employer, Atlantis, or Mr. D'Aquino for any of their respective work at the Project. Therefore, the endorsements, limitations, or exclusions titled "Workers' Compensation And Similar Laws Exclusion" and/or "Hired Person and Worker's Compensation and Similar Laws Exclusion" under the policy's Coverage C - Medical Payments coverage - do not apply, cannot apply, or have not been triggered, to either the instant case or to the Underlying Lawsuit, and Plaintiff is estopped from asserting any of the referenced endorsements, limitations, or exclusions as a basis for denial of coverage and of its duties to defend and indemnify Mesoamerican.

### Ninth Affirmative Defense

9. The Underlying Lawsuit alleges that "*On or about December 16, 2018, Decedent was doing work for <u>Mesoamerican</u>…*", but also in paragraphs 9, 17, 73, 80, 94, 101, 108, 115, 121, 128, and 134, the underlying plaintiff alleges the exact same allegation directed each of the other co-defendants: "*On or about December 16, 2018, Decedent was doing work for <u>[each of the other co-defendants in the Underlying Lawsuit</u>].*" Thus, Mesoamerican affirmatively alleges that because whether the referenced policy language[1] applies to preclude coverage for Mesoamerican

---

[1] The policy endorsements, exclusions and limitations titled: (1) "Exclusion-Employer's Liability and Bodily Injury to Contractors or Subcontractors" bearing

(including Evanston's duty to defend and indemnify) hinges on a number of factual questions in dispute, namely whether the Decedent was performing work at the Project on behalf of Mesoamerican, then the referenced policy language does not apply, cannot apply, or has not been triggered. Thus, Plaintiff is estopped from asserting any of the referenced policy language as a basis for denial of coverage and of its duties to defend and indemnify Mesoamerican.

In the alternative, in order for the Court to make determinations about Evanston's duty to defend, it must determine whether any of the referenced policy exclusions apply. Thus, at a minimum, in order to make that determination, the Court must first ascertain whether the Decedent was performing work at the Project on behalf of Mesoamerican. And, the only way to know for sure whether the referenced policy exclusions apply to preclude coverage to the policyholder, the Court must be able to look beyond the 8-corners of the complaint in  the Underlying Lawsuit and the policy to find the actual facts.

### **Tenth Affirmative Defense**

10. Mesoamerican affirmatively alleges the benefits of Florida Statutes §§626.9373 and 57.104 for the purpose of recovering their attorneys' fees and legal assistant

---

form number MEGL 1637 05 17, (2) "Limitation – Contractor or Subcontractor Management" bearing form number MEGL 0103 11 14, (3) "Workers' Compensation And Similar Laws Exclusion"; and/or (4) "Hired Person and Worker's Compensation and Similar Laws Exclusion" under the policy's Coverage C - Medical Payments coverage.

fees.  The undersigned has been hired by Mesoamerican to defend this action and the prosecute Mesoamerican's Counterclaim [Doc. 10], and Mesoamerican is required to compensate counsel for the same.

## DEMAND FOR A JURY TRIAL

Mesoamerican demands a trial by jury on all claims and defenses so triable.

DATED this 6th day of July, 2021.

Respectfully submitted,

**CHEFFY PASSIDOMO, P.A.**
*Counsel for Mesoamerican Builders, Inc.*
4100 W. Kennedy Blvd., Suite 335
Tampa, FL 33609
(239) 261-9300

By: */s/ Debbie Sines Crockett*
**Debbie Sines Crockett, Esq.**
Florida Bar No. 33706
dscrockett@napleslaw.com
glhamilton@napleslaw.com