UNITED STATES
DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CIVIL DIVISION

CASE NO: 2:21-ev-62-SPC-MRM

EVANSTON INSURANCE COMPAY
Plaintiff/Counter-Defendant,

MESOAMERICAN BUILDERS, INC.,
Defendant/Counter-Plaintiff,

JUAN BAZO, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF FERNANDO SORCIA
BERISTAIN, AND ON BEHALF OF
FERNANDO SORCIA BERISTAIN AND THE
SURVIVORS OF TH ESTATE, MINOR MAJORIE
SORCIA BENITEZ AND MINOR, YAILIN FERNANDA
SORCIA BENITEZ
       Defendant.
_____/

**JUAN BAZO, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FERNANDO SORCIA BERISTAIN, AND ON BEHALF OF FERNANDO SORCIA BERISTAIN AND THE SURVIVORS OF TH ESTATE, MINOR MAJORIE SORCIA BENITEZ AND MINOR, YAILIN FERNANDA SORCIA BENITEZ'S ANSWER AND AFFIRMATIVE DEFENSES TO EVANSTON INSURANCE COMPANY'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, Defendant, JUAN BAZO, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FERNANDO SORCIA BERISTAIN, AND ON BEHALF OF FERNANDO SORCIA BERISTAIN AND THE SURVIVORS OF TH ESTATE, MINOR MAJORIE SORCIA BENITEZ AND MINOR, YAILIN FERNANDA SORCIA BENITEZ (hereinafter sometimes "Bazo"), and by and through undersigned counsel, and hereby files its Answer and Affirmative Defenses to the Plaintiff/Counter-Defendant EVANSTON INSURANCE COMPANY'S ("Evanston") Second Amended Complaint for Declaratory Relief (Doc#38), in good faith as follows:

**JUAN BAZO, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FERNANDO SORCIA BERISTAIN, AND ON BEHALF OF FERNANDO SORCIA BERISTAIN AND THE SURVIVORS OF TH ESTATE, MINOR MAJORIE SORCIA BENITEZ AND MINOR, YAILIN FERNANDA SORCIA BENITEZ'S ANSWER NATURE OF THE ACTION**

1. Admitted Evanston has filed this instant action seeking declaratory relief pertaining to claims made by decedent in underlying lawsuit, Admitted for jurisdictional purposes only, Denied that Evanston is entitled to any relief.

2. Without sufficient knowledge and therefore, denied.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Admitted for Jurisdictional purposes only.

7. Admitted for Jurisdictional purposes only.

8. Admitted for Jurisdictional purposes only.

9. Admitted for Venue purposes only.

10. Admitted only that the underlying lawsuit represents what it represents, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

11. Upon information and belief, it is admitted that prior to December 16, 2018, Mesoamerican was working on the construction project located at 545 Production Blvd., Naples, FL 34104 (the "Project").

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted only that the underlying lawsuit represents what it represents.

17. Admit only that Exhibit B purports to be the stated policy and that the represented policy speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

18. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

19. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

20. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

21. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

22. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

23. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

24. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

25. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

26. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

27. Without sufficient knowledge, therefore unable to admit or deny.

28. Upon information and belief, Denied.

29. Without sufficient knowledge, therefore unable to admit or deny.

30. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

31. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

32. Without sufficient knowledge, therefore unable to admit or deny.

33. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

34. Admitted that Evanston had previously hired counsel to Defend Mesoamerican, however, Defense counsel has since withdrawn and it is understood Evanston is no longer defending, we are without sufficient knowledge as to the remainder and therefore denied.

## **COUNT I**

35. Bazo repeats its answers to paragraph 1-34 above.

36. Admitted for jurisdictional purposes only, otherwise denied.

37. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

38. Admit.

39. Admit.

40. Admit only that the underlying lawsuit speaks for itself, otherwise denied.

41. Admit only that the underlying lawsuit speaks for itself, otherwise denied.

42. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

43. Admit only that the purported represented policy language speaks for itself, and otherwise, without sufficient knowledge as to the remainder, therefore denied.

44. Admit only that the purported represented policy language speaks for itself, and otherwise, denied.

45. Denied.

46. Admitted only that Evanston seeks a judicial determination but denied that Evanston is entitled to any relief and denied otherwise to the remainder.

47. Admit for jurisdictional purposes only.

## COUNT II

48. Bazo repeats its answers to paragraphs 1-34 above.

49. Admitted for jurisdictional purposes only.

50. Admit only that the purported represented policy language speaks for itself, and otherwise, denied.

51. Amit that the lawsuit speaks for itself.

52. Admit only that the purported represented policy language speaks for itself, and otherwise, denied.

53. Denied.

54. Admitted only that Evanston seeks a judicial determination but denied that Evanston is entitled to any relief and denied otherwise to the remainder.

55. Admit for jurisdictional purposes only.

## COUNT III

56. BAZO repeats its answer to paragraphs 1-34 above.

57. Admitted for Jurisdictional purposes only.

58. Admit only that the purported represented policy language speaks for itself, and otherwise, denied.

59. Admit that the lawsuit speaks for itself.

60. Admit only that the purported represented policy language speaks for itself, and otherwise, denied.

61. Admit only that the purported represented policy language speaks for itself, and otherwise, denied.

62. Denied.

63. Denied.

64. Admitted only that Evanston seeks a judicial determination but denied that Evanston is entitled to any relief and denied otherwise to the remainder.

65. Admit for jurisdictional purposes only.

## COUNT IV

66. BAZO repeats its answer to paragraphs 1-34 above.

67. Admitted for Jurisdictional purposes only.

68. Denied.

69. Denied.

70. Denied.

## COUNT V

71. BAZO repeats its answer to paragraphs 1-34 above.

72. Admitted for Jurisdictional purposes only.

73. Admit that the lawsuit speaks for itself and that Mesoamerican provided construction and renovation at the project.

74. Without sufficient knowledge and therefore can neither admit nor deny.

75. Without sufficient knowledge and therefore can neither admit nor deny.

76. Admitted to the extent Mesoamerican and Sunshine Building Group were not the only parties to perform work at the project.

77. Admitted to the extent Mesoamerican was one of the parties but not the only party to do so. Without sufficient knowledge to the remainder and therefore can neither admit nor deny.

78. Without sufficient knowledge and therefore can neither admit nor deny.

79. Denied.

80. Admitted only that Evanston seeks a judicial determination but denied that Evanston is entitled to any relief and denied otherwise to the remainder.

81. Admitted only that Evanston seeks a judicial determination but denied that Evanston is entitled to any relief and denied otherwise to the remainder.

*Bazo reserves the right to amend and/or supplement this Answer, as among other things, investigation and discovery remains ongoing. All rights are reserved and no rights are waived.*

## BAZO'S AFFIRMATIVE DEFENSES TO EVANSTON INSURANCE COMPANY'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF

### FIRST AFFIRMATIVE DEFENSE

1. Bazo affirmatively alleges that Evanston has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Bazo affirmatively alleges that Evanston's represented $1,000,000.00 policy limits are applicable to Bazo in the underlying lawsuit.

*Bazo reserves the right add and/or amend affirmative the above affirmative defenses. All rights are reserved and no rights are waived.*

### DEMAND FOR JURY TRIAL

BAZO demands a trial by jury on all claims and defenses so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of Court via the CM/ECF e-Filing Portal and that a true and correct copy of the foregoing will be served upon all parties who have registered for electronic service with this Court's e-Filing Portal on this 3rd day of September, 2021.

**ALTIERI LAW FIRM, P.A.**
Counsel for Plaintiff
1222 SE 47th Street, Suite 106
Cape Coral, Florida 33904
Primary email: timothy.altieri@altierilawfirm.com
Secondary email: serve@altierilawfirm.com
Telephone: (239) 810-1093
Facsimile: (239) 677-3259

BY: _____
    Timothy J. Altieri, Esq.
    Florida Bar Number: 0076819


    /s/ Scott Morris
    Scott Morris, Esquire
    Fla. Bar No.: 0083755
    P.O. Box 152908
    Cape Coral, FL 33915
    (239)772-1635
    Scott@morrislawfirm.org