UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON INSURANCE
COMPANY,

        Plaintiff,

v.                                               Case No: 2:21-cv-62-SPC-MRM

MESOAMERICAN BUILDERS,
INC. and JUAN BAZO, AS
PERSONAL
REPRESENTATIVE OF THE
ESTATE OF FERNANDO
SORCIA BERISTAIN, AND ON
BEHALF OF FERNANDO
SORCIA BERISTAIN AND THE
SURVIVORS OF THE ESTATE,

        Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court are Plaintiff Evanston Insurance Company's Motion for Judgment on the Pleadings (Doc. 43)[2] and Defendant Mesoamerican Builders, Inc.'s Response in Opposition. The Court denies the Motion.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Plaintiff's Motion does not follow Local Rule 1.08's typography requirements. For efficiency reasons, the Court will not strike the paper. But Plaintiff should not expect future leniency from the Court for this failure to follow the Local Rules.

**BACKGROUND**

This declaratory judgment action involves an insurance coverage dispute stemming from the death of Fernando Sorcia Beristain, a construction worker, who fell from scaffolding and died at a work site in Naples, Florida. Beristain's Estate sued eight defendants (various companies working at the work site that day and one individual) in state court for wrongful death, including Mesoamerican, a construction company. (Doc. 38-1, "Underlying Complaint"). Evanston wants this Court to declare that it has no duty to defend or indemnify its insured, Mesoamerican, from the suit. Mesoamerican's counterclaim requests the opposite declaration. (Doc. 10).

**LEGAL STANDARD**

After the pleadings close, a party may move for judgment. Fed. R. Civ. P. 12(c). This relief "is appropriate when no material facts are in dispute and the movant is entitled to judgment as a matter of law." *Washington v. Rivera*, 939 F.3d 1239, 1242 (11th Cir. 2019). A motion for judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts that would allow it to prevail. *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005). To decide these motions, courts "accept as true all material facts alleged in the non-moving party's pleadings" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo*

*N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). If a disputed material fact exists, judgment on the pleadings is misplaced. *Id.*

In deciding a motion for judgment on the pleadings, courts may consider documents attached to the pleadings if they are central to a plaintiff's claim and undisputedly authentic. *Horsey v. Feldt*, 304 F.3d 1125, 1133-35 (11th Cir. 2002). The Policy and the Underlying Complaint (attached to the Second Amended Complaint) are both central to the claim and undisputed. (Docs. 38-1, 38-2). So, the Court considers them.

"An insurer's duty to defend is distinct from and broader than the duty to indemnify ... and if the underlying complaint alleges facts showing two or more grounds for liability, one being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit. *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (quoted authority omitted) (cleaned up). When the complaint "alleges facts which fairly and potentially bring the suit within policy coverage," the insurer must defend the suit on behalf of the insured. *Id.* "If the allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured." *Id.* However, if the pleadings show there is no coverage or that a policy exclusion applies to bar coverage, the insurer has no duty to defend. *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348,

3

1357-58 (M.D. Fla. 2001). The insurer must prove an exclusion to coverage applies. *Id.* at 1358.

## DISCUSSION

Pointing to an exclusion in the Policy and the allegations in the Underlying Complaint, Evanston contends that Beristain's injuries were not a covered loss. The Policy covers "bodily injury" in some cases: "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and the duty to defend the insured against a "suit" seeking those damages," and states that "this insurance applies to "bodily injury" only if: (1) The "bodily injury" or "property damage" is caused by an "occurrence" in the "coverage territory." (Doc. 38-2 at 21). "Occurrence" is defined as "an accident, including continuous and repeated exposure to substantially the same general harmful conditions." (Doc. 38-2 at 35).

The Exclusion that Evanston relies on is in an endorsement to the Policy titled "Exclusion – Employer's Liability and Bodily Injury to Contractors or Subcontractors," stating the coverage does not apply to:

"Bodily injury" to

(1) An "employee", "volunteer worker" or "temporary worker" of the insured arising out of and in the course of:

    (a) Employment by the insured; or

> (b) Performing duties related to the conduct of the insured's business;
>
> (2) Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation;
>
> * * *
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Doc. 38-2 at 61).

Evanston argues there is no duty to defend here because the Underlying Complaint alleges that Beristain was "doing work" for Mesoamerican when he fell and the Employer's Liability and Bodily Injury Exclusion excludes employees, volunteer and temporary workers, and any other person who performs labor in any capacity by or on behalf of Mesoamerica. (Doc. 38 at 14-17). The argument is unavailing for two reasons. First, Mesoamerican denies that Beristain was performing work for it and alleges as an affirmative defense that whether the Exclusion applies to preclude coverage "hinges on a number of factual questions." (Doc. 40 at 20). Second, a review of the Underlying Complaint (Doc. 38-1), which spans 135 paragraphs, shows that the Estate is unsure whose actions—and how their actions—contributed to Beristain's death. It is unclear which company (if any) employed Beristain at the time of the incident. Also murky is the relationship between Beristain and the

5

defendants named in the state court suit. Indeed, the Underlying Complaint alleges that Beristain did work for each defendant the day he died. *See* Doc. 38-1 at ¶¶ 9, 17, 73, 80, 87, 94 101, 108, 115, 121, 128, 134 ("on or about December 16, 2018, Decedent was doing work for [Sunshine Building Group Properties, LLC; Sunshine Building Group Properties, Inc.; Mesoamerican; Atlantis Construction of Naples, Inc.; Atlantis Construction of Naples Drywall Division, Inc.; Fallsafe Solutions, LLC; Joel D'Aquino; Joel D'Aquino d/b/a Joel D'Aquino at Sunshine Building Properties LLC and Sunshine Building Group, Inc.]").

At bottom, Evanston has not established that the cause of action against Mesoamerican in the Underlying Complaint is excluded by the Policy. There are material issues of fact as to whether Beristain falls within the Employer's Liability and Bodily Injury Exclusion that renders judgment on the pleadings improper.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Judgment on the Pleadings (Doc. 43) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 26, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record