UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON INSURANCE
COMPANY,

    Plaintiff,

v.                                            Case No.:   2:21-cv-62-SPC-MRM

MESOAMERICAN BUILDERS,
INC. and JUAN BAZO, AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF FERNANDO
SORCIA BERISTAIN, AND ON
BEHALF OF FERNANDO SORCIA
BERISTAIN AND THE
SURVIVORS OF THE ESTATE,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Mesoamerican's Amended Motion[2] for Summary Judgment on its Counterclaim and Motion to Stay (Doc. 54). Plaintiff responded in opposition (Doc. 56), to which Mesoamerican replied[3] (Doc. 57).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court struck Mesoamerican's first Motion for Summary Judgment because it did not comply with the Court's procedure. (Doc. 49).

[3] Mesoamerican's reply brief exceeds Local Rule 3.01(d)'s page limitation. Failure to comply in the future will result in the Court striking the brief.

This declaratory judgment action for defense and indemnity involves an insurance coverage dispute stemming from the death of Fernando Sorcia Beristain, a construction worker, who fell from scaffolding and died at a work site in Naples, Florida. Beristain's Estate sued eight defendants (various companies working at the work site that day and one individual) in state court for wrongful death, including Mesoamerican, a construction company.

Evanston sued a year ago (Doc. 1) and Mesoamerican answered (Doc. 10). The answer included a counterclaim for declaratory relief, seeking a declaration that Evanston has an obligation to defend and indemnify Mesoamerican against claims in the underlying suit (Doc. 10). Since then, Evanston amended the complaint twice (Docs. 29, 38), to which Mesoamerican filed answers but never realleged its counterclaim (Docs. 32, 40).

The Motion is easily denied because there is no counterclaim on which summary judgment may be sought. Since Mesoamerican never realleged its counterclaim, the counterclaim was abandoned. *See Bahama Bay II Condo Ass'n, Inc. v. United Nat'l Ins. Co.*, 374 F. Supp. 2d 1274, 1278 (M.D. Fla. 2019) (denying summary judgment because the counterclaim was not included in an answer and deemed abandoned); *Stonen Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.*, No. 20-cv-23251-BLOOM/Louis, 2021 WL 86776, at *3-6 (S.D. Fla. Jan. 11, 2021). *See also* Fed. Proc., L. Ed., § 62:201 (Nov. 2021 Update) ("[A] counterclaim is not a pleading but must be stated in a pleading and therefore

can be asserted only in the defendant's answer."). As Mesoamerican seeks summary judgment on an abandoned counterclaim, it will be denied. But that does not mean Mesoamerican abandoned its position that Evanston must defend and indemnify it. Mesoamerican's affirmative defenses allege as much. (Doc. 40).

Accordingly, it is now

**ORDERED:**

Mesoamerican's Amended Motion for Summary Judgment on its Counterclaim and Motion to Stay (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 20, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record